UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| LESLIE MERCADO,<br>      Plaintiff,<br><br>v.<br><br>JUDITH DAY, et al.,<br>      Defendants. | Civil Action No.<br>24-11538-WGY |

ORDER

YOUNG, D.J.                                                  November 7, 2024

Before the Court is Leslie Mercado's amended complaint filed in response to the Court's August 9, 2024 Memorandum and Order.[1]

As recounted in her original complaint, plaintiff's amended complaint again claims that while in DCF custody during the 1980s and 1990s, she was subjected to abuse and neglect, that defendant Day failed to report abuse, and that defendant MassHealth failed to ensure that she received adequate medical and psychological care. In addition to reasserting state law claims of negligence, malpractice, intentional infliction of emotional distress and breach of fiduciary duty, the amended complaint alleges a civil rights claim under 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages as well as a formal apology from DCF and an

---

[1] The Court explained that no federal questions were asserted in the original complaint and that plaintiff stated no facts from which the Court could find diversity jurisdiction.

order requiring DCF to implement certain reforms.

The Court credits that plaintiff has made a good faith attempt to comply with its directives regarding the filing of an amended complaint. Nevertheless, a review of the amended complaint reveals, like the original complaint, it is legally deficient.

"42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)). As to defendant Day, although she is alleged to have contracted with the state, the amended complaint fails to adequately allege that any of Day's conduct was undertaken under color of state law. See generally, Jarvis v Vill. Gun Shop, Inc., 805 F.3d 1, 8-12 (1st Cir. 2015) (summarizing rare circumstances where individuals other than government employees may be sued under Section 1983).

As to the state defendants, generally "States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." Whole Woman's Health v. Jackson, 595 U.S. 30, 39 (2021). Here, no state officials are named as defendants, and DCF and MassHealth, as arms of the State, are entitled to Eleventh Amendment sovereign immunity. Wilson v. Massachusetts

Dept. Children and Families, No. 24-11442-FDS, 2024 WL 3011235, at *3 (D. Mass. June 14, 2024) ("DCF is an arm of the state protected by sovereign immunity"); Kunz v. MassHealth, et al., No. 21-40021-TSH, 2021 WL 1210372, at *1 (D. Mass. Mar. 31, 2021) (dismissing all claims against MassHealth "under Eleventh Amendment Sovereign Immunity"). Nothing in the text of Section 1983 demonstrates an intent by Congress to override Eleventh Amendment immunity, and plaintiff offers no evidence that the Commonwealth has consented to submit to suit in these circumstances. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989).

Even if a proper state defendant could be named, any claim under Section 1983 appears to be barred by the applicable statute of limitations. "A statute of limitations concerns the procedural bounds in which litigation may proceed; it 'plays no role in ascertaining whether conduct is wrongful,' but 'merely sets the deadline by which a legal challenge to that conduct need be initiated.'" In re Fin. Oversight and Mgt. Bd., 41 F.4th 29, 45 (1st Cir. 2022) (quoting Monsarrat v. Newman, 28 F.4th 314, 319-20 (1st Cir. 2022)). The statute of limitations for a claim under 42 U.S.C. § 1983 is determined by reference to state law -- here that period is three years under Massachusetts law. See Fincher v. Town of Brookline, 26 F.4th 479, 485 (1st Cir. 2022). Mercado's

3

claims appear decades old, with no explanation for the delay in bringing her claim.

As to supplemental state law claims, this Court declines to exercise jurisdiction over any supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3) where the federal claims are dismissed.

Finally, because plaintiff was already granted one opportunity to amend, it seems unlikely that she is able to state additional facts that would suffice to make out a cognizable federal claim. Under these circumstances, it appears futile to permit further amendment. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted.").

For the foregoing reasons, and for the reasons stated in the Court's August 20, 2024 Memorandum and Order, this action is DISMISSED and the Court declines to exercise supplemental jurisdiction over any state law claims which are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**SO ORDERED.**

Dated: November 7, 2024

*William G. Young*
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE